**Opinion issued June 21, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-17-00664-CR**

**NO. 01-17-00665-CR**

**NO. 01-17-00676-CR**

———————————

**NATALIE CROSBY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1495840, 1502867, 1521594**

---

## MEMORANDUM OPINION

Appellant, Natalie Crosby, pleaded guilty without an agreed recommendation

from the State to the offenses of Fraudulent Use/Possession of Identifying

Information (trial court no. 1495840), Tampering with a Governmental Record (trial

court no. 1502867), and an additional count of Tampering with a Government Record (trial court no. 1521594). Appellant was sentenced to 2 years' confinement in a State Jail facility for the offense of Fraudulent Use/Possession of Identifying Information, and 14 years' confinement in the TDCJ—Institutional Division for each of the offenses of Tampering with a Governmental Record. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that she has thoroughly reviewed the record and that she is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has certified that she mailed copies of the motion to withdraw, the *Anders* brief, and the appellate record to appellant and informed appellant of her right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403,

408 (Tex. Crim. App. 2008). Appellant has not filed any pro se response to counsel's *Anders* brief and the deadline to file a response has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or *pro se* response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

Accordingly, we affirm the judgments of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney Inger H. Chandler must

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

## PER CURIAM

Panel consists of Justices Higley, Brown, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).